UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN STURGEON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>)<br>Respondent. ) | No. 1:20-cv-02748-TWP-TAB |

**Order Dismissing Petition for Failure to Exhaust Administrative Remedies
and Directing Entry of Final Judgment**

In this 28 U.S.C. § 2254 habeas corpus action, Indiana Department of Correction (IDOC) inmate Brian Sturgeon challenges his conviction in prison disciplinary case NCF 20-02-0012 for trafficking. On February 4, 2020, a disciplinary hearing officer found Mr. Sturgeon guilty of violating IDOC Adult Disciplinary Procedure offense A-113 and imposed sanctions that included the loss of earned credit time. Dkt. 7-4. But Mr. Sturgeon did not timely file a facility level appeal. At some point he sent an appeal to the IDOC Final Reviewing Authority, who on September 1, 2020, told Mr. Sturgeon his appeal was not properly before the Authority because no facility level appeal had been filed. Dkt. 7-7. Thus Mr. Sturgeon lodged a facility level appeal on September 3, 2020. Dkt. 7-6. It was rejected because it had not been timely brought. *Id.* Sometime later Mr. Sturgeon again filed an appeal with the Final Reviewing Authority, but it, too, was rejected as untimely. Dkt. 7-8.

In his return to the show cause order, dkt. 3, issued following the filing of Mr. Sturgeon's petition, the Warden argues that because no facility level appeal was timely filed, Mr. Sturgeon's administrative remedies have not been exhausted and the petition should therefore be dismissed.


Dkt. 7 at 5-7. Mr. Sturgeon has not filed a response or an objection to the Warden's argument and the time for doing so has passed.

In Indiana, only the issues raised in a timely appeal to the facility head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The undisputed record shows that Mr. Sturgeon failed to timely exhaust his available administrative remedies before filing this action. The consequence of the failure to exhaust administrative remedies is that this action must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding dismissals for failure to exhaust should be without prejudice).

This action is **dismissed** without prejudice. Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED.**

Date: 1/12/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian Sturgeon
269824
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168

Monika P. Talbot
Indiana Attorney General
monika.talbot@atg.in.gov